UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:19-CV-00053-HBB

SARAH ELIZABETH ROBINSON                                                      PLAINTIFF

VS.

ANDREW SAUL,
Commissioner of Social Security                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Sarah Elizabeth Robinson seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both Robinson (DN 12) and the Commissioner (DN 17) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**, and judgment is **GRANTED** in favor of the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10). By Order entered September 16, 2019 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

## FINDINGS OF FACT

Robinson filed an application for a period of disability and disability insurance benefits on February 8, 2013 (Tr. 155-156). Robinson alleged that she became disabled on February 1, 2008 as a result of type 1 diabetes; ketoacidosis, superior oblique palsy; and anxiety (Tr. 168). The claim was denied on July 19, 2013 and upon reconsideration on October 1, 2013 (Tr. 93, 105). Administrative Law Judge Mary Lassy conducted a hearing on August 12, 2014 via video conference. The ALJ presided from Paducah, Kentucky while Robinson appeared in Owensboro, Kentucky (Tr. 12). Robinson was represented by Clay Wilkey, an attorney. Also present and testifying was Crystal Ralph, an impartial vocation expert.

In a decision dated September 25, 2014 the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 12-28). The ALJ found Robinson was not disabled and denied her application for benefits (Tr. 12-28). The Appeals Council denied Robinson's request for review (Tr. 1-6). However, on March 31, this Court issued an order granting the parties Joint Motion for Remand for Further Proceedings (Tr. 837). On June 20, 2017 the Appeals Council vacated the September 2014 decision and remanded the matter to an ALJ for further evaluation (Tr. 841).

ALJ Marci P. Eaton conducted a hearing On November 7, 2017 via video conference (Tr. 743). Again, the ALJ presided from Paducah, Kentucky and Robinson appeared in Owensboro, Kentucky (Tr. 743). Robinson was represented by Clay Wilkey, and Crystal Ralph was present and testified as an impartial vocational expert (Tr. 743).

In a decision dated January 30, 2019, the ALJ evaluated Robinson's claim pursuant to the five-step sequential evaluation process (Tr. 743-759). The ALJ found Robinson was not disabled and again denied her claim for disability.

At the first step, the ALJ found Robinson has not engaged in substantial gainful activity since February 1, 2008 the alleged onset date (Tr. 746). At the second step, the ALJ determined that Robinson's diabetes mellitus, depression, and anxiety are "severe" impairments within the meaning of the regulations (Tr. 746). At the third step, the ALJ concluded that Robinson does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 747).

At the fourth step, the ALJ found Robinson has the residual functional capacity to perform light work with some limitations (Tr. 749). More specifically, the ALJ found that Robinson can could occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; should avoid concentrated exposure to vibrating equipment and even moderate exposure to moving machinery and unprotected heights. She is able to understand and recall simple instructions and persist at task for a regular workday in a simple work environment. She can relate adequately with others in the workplace performing tasks-focused work with supervisors and coworkers and only occasional interaction with the public. She can adapt to most changes and task demands on a sustained basis in a simple work environment (Tr. 749). Relying on testimony from the vocational expert, the ALJ found that Robinson is unable to perform any of her past relevant work (Tr. 757).

The ALJ proceeded to the fifth step where he considered Robinson's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert

3

(Tr. 757). The ALJ found that Robinson was capable of performing a significant number of jobs that exist in the national economy (Tr. 757-58). Therefore, the ALJ concluded that Robinson was not under a "disability," as defined in the Social Security Act, from February 1, 2008 through June 30, 2013, the date last insured (Tr. 758).

The Appeals Council denied Robinson's request for review of the ALJ's decision (Tr. 740). She now seeks judicial review from this Court.

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Robinson's request for review of the ALJ's decision (Tr. 740). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality

of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

> 3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4) Does the claimant have the residual functional capacity to return to his or her past relevant work?
>
> 5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

1. Step Three

Robinson's first argument is that the ALJ erred when she found that Robinson did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments (DN 12 PageID # 1140). Specifically, Robinson argues the ALJ failed to even consider Listing 12.13 – Eating Disorders. She contends that she meets the requirements of 12.13 and the ALJ's failure to conduct the analysis is reversible error.

The Commissioner disagrees. He points out that an ALJ is not required to consider all listings and the analysis that was conducted makes clear that Robinson does not meet the requirement of listing 12.13 (DN 17 PageID # 1161). The Commissioner argues the ALJ's decision is supported by substantial evidence and therefore cannot be disturbed by this Court.

At the third step, a claimant has the burden of demonstrating she has an impairment that meets or medically equals a listing in Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d); Burgess v. Sec'y of Health & Human Servs., 835 F.2d 139, 140 (6th Cir. 1987). To meet a listing in Appendix 1, the medical records regarding the impairment must satisfy both the diagnosis and severity requirements for the listing. *See* 20 C.F.R. §§ 404.1525(d), 416.925(d); Hale v. Sec'y of

Health & Human Servs., 816 F.2d 1078, 1083 (6th Cir. 1984). If the impairment does not meet the severity requirements of a listing, then the Administrative Law Judge looks to the opinions of the state agency medical advisors and/or the opinion of a testifying medical expert for guidance on the issue of whether the claimant's impairment(s) medically equal a listed impairment. *See* 20 C.F.R. §§ 404.1526(a) and (b), 416.926(a) and (b); Social Security Ruling 17-2p, 2017 WL 3928306, at *3-4 (March 27, 2017); Deters v. Sec'y of Health, Educ. & Welfare, 789 F.2d 1181, 1186 (5th Cir. 1986).

If the record raises a question as to whether a claimant meets a listing, the ALJ should discuss it. Abbot v. Sullivan, 905 F.2d 918, 925 (6th Cir. 1990). However, she is not required to discuss every listing. Sheeks v. Comm'r of Soc. Sec., 544 Fed. App'x 639, 641 (6th Cir. 2013). Listing 12.13 requires:

> A. Medical documentation of a persistent alteration in eating or eating-related behavior that results in a change in consumption or absorption of food and that significantly impairs physical or psychological health.
>
> AND
>
> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning
>    1. Understand, remember, or apply information
>    2. Interact with others
>    3. Concentrate, persist, or maintain pace
>    4. Adapt or manage oneself

Listing 12.13, 20 C.F.R. Pt. 404, Subpt P, App. 1.

Here, the ALJ analyzed the medical evidence and considered if Robinson satisfied Listings 12.04 and 12.06 (Tr. 747). Robinson argues he should have also considered listing 12.13—Eating Disorders. But, listing 12.04 and 12.06 have identical B criteria to Listing 12.13. The ALJ

7

analyzed the full medical record and provided a thorough discussion explaining why Robinson did not meet the required "Paragraph B" criteria (Tr. 747-749). The ALJ found Robinson had no impairment understanding, remembering, or applying information. The ALJ cited Robinson's frequent moves required by her husband's position in the military, her ability to care for herself and her family, complete household chores, and maintaining a complicated health routine to maintain blood sugar levels as evidence (Tr. 748).

The ALJ found Robinson has only moderate limitations interacting with others (Tr. 748). The ALJ noted that the inability to interact with others was not a focus of Robinson's mental health treatment. Robinson also reported spending time with family and interacting with the public while shopping and going to the gym. The ALJ found only a mild limitation in Robinson's ability to concentrate, persist, or maintain pace. Robinson reported being able to count change, pay bills, use a checkbook or money order, and handle a savings account (Tr. 748; 204-05). Robinson performed well on cognitive tests performed by Dr. Walpert (691-95). She shops for household items, completes chores, and closely tracks her diet and health (Tr. 203-206). The ALJ found Robinson had no limitation adapting or managing oneself. She noted, Robinson is able to maintain personal hygiene. Her speech and communication are clear, relevant, and coherent. She has moved to several states for her husband's job and has not shown trouble adapting. She completes household tasks and maintains her health regimen. (203-05).

Although the ALJ did not explicitly discuss listing 12.13, her analyzes implies that she did not find Robinson met its Paragraph B criteria. See <u>Searer v. Comm'r of Soc. Sec.</u>, 3:18-CV-1035, 2019 WL 2468475 (N.D. Ohio, March 20, 2019)(report and recommendation adopted at 2019 EL 42126380 (August 30, 2019). In <u>Searer</u>, the magistrate judge held that any error by the

ALJ was harmless because the ALJ conducted an identical analysis as he would have if he considered the contested listing. The undersigned agrees. The ALJ provided a thorough discussion explaining why Robinson does not meet the Paragraph B criteria of listing 12.04 and 12.06—the same analysis required for listing 12.13. She supported that finding with substantial evidence. Therefore, this Court cannot reverse the ALJ's decision.

2. Residual Functional Capacity

A. Robinson's Testimony

Robinson's second argument is that the ALJ's finding that she was capable of performing light work is not supported by substantial evidence. Robinson claims the ALJ improperly discounted her testimony, finding it "self-serving" (DN 12 PageID # 1144; citing Tr. 753).

The Commissioner argues that the ALJ supported her decision with substantial evidence. Specifically, he claims the ALJ's skepticism was warranted and supported by several examples in the record (DN 17 PageID # 1168).

Robinson provided testimony describing her daily routine controlling her diabetes. She believes this testimony should have weighed more heavily on the ALJ's decision. The ALJ found that Robinson's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but found her statements regarding the intensity, persistence, and limiting effects of these symptoms inconsistent with the medical evidence in the record (Tr. 750). Discounting a claimant's credibility is appropriate if the ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence. Walters v. Commissioner of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997). An ALJ may also consider a claimant's household and social

9

activities when evaluating pain or other symptoms.  Id. (citing Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 231 (6th Cir. 1990)); SSR 16-3p.

The ALJ noted that Robinson's worst diabetic symptoms correlated to admitted noncompliance with her doctor's orders.  When she did comply, her diabetes was generally well controlled (Tr. 752; 722-25).  The ALJ cited a 2014 treatment where Robinson's diabetes was under very good control due to compliance with prescribed insulin pump. (Tr. 502, 490, 708,722-25).  The ALJ found Robinson's noncompliance unreasonable.  If an ALJ finds a claimant failed to follow prescribed treatment that might improve symptoms, she may find the alleged intensity and persistence of an individual's symptoms inconsistent with the overall evidence of record. SSR 16-3p.  The ALJ also emphasized Robinson's reported daily activities as evidence that her impairment is not as severe as she claims (Tr 754; 203-06).

Robinson's argument essentially asks this Court to substitute its own interpretation of the record for the ALJ's.  But, this Court can only reverse an ALJ who fails to support a decision with substantial evidence.  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)).  The ALJ supported her finding with substantial evidence, therefore it must stand.

B.  Medical Evidence

Robinson also argues the ALJ should have afforded more weight to the opinions of consultative psychologists, Drs. Walpert and Gray (DN 12 PageID # 1146).  The regulations require Administrative Law Judges to evaluate every medical opinion in the record.  20 C.F.R. §§

404.1527(c); 416,927(c). The process of assigning weight to medical opinions in the record begins with a determination whether to assign controlling weight to the medical opinion of the treating source. 20 C.F.R. §§ 404.1527(c); 416,927(c). If controlling weight is not assigned to the treating source's opinion, the Administrative Law Judge must consider the factors in paragraphs (c)(1)-(6) of this section in deciding how much weight to accord each of the medical opinions in the record, including the medical opinion from the treating source. 20 C.F.R. §§ 404.1527(c); 416.927(c).

Marcy Walpert, M.A., examined Robinson in May 2013. She opined that Robinson could not likely tolerate the demands and stress of day-to-day work (Tr. 690-695). She assigned Robinson a GAF score of 40 (Tr. 695). The ALJ assigned this very little weight. She noted that a GAF score is a limited assessment and "but one factor in determining" Robinson's abilities (Tr. 755). Accordingly, an ALJ is not required to give any particular weight to this score. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 511 (6th Cir. 2006). More importantly, the ALJ noted Dr. Walpert's own statements did not support her restrictive final opinion. Robinson performed well on cognitive tests administered by Dr. Walpert. Robinson was well oriented to time, place, person, and situation (Tr. 755; 691); she was capable of repeating back 6 digits correctly in forward sequence, and five in reverse sequence (Tr. 755;691); recalled three words after a five-minute delay (Tr. 755; 691); demonstrated good abstract reasoning (Tr. 755; 691); utilized appropriate judgment (Tr. 755; 692); answered five of seven math corrections correctly (Tr. 755; 692). Dr. Walpert opined that Robinson would not be able to manage her own benefits (Tr. 695). But, Robinson reported that she was able to complete household chores and manage her own money (Tr. 203-206).

Robinson also identifies the ALJ's discount of Dr. Grey's opinion as error (DD 12 PageID # 1145). She does not mention a specific defect but references the opinion generally. Dr. Grey stated that patients who have very low or high blood glucose levels typically have significant "neurocognitive compromise." (Tr. 1066). But he described Robinson's affect as normal. She was pleasant and cooperative. Attention and concentration were normal. Her intelligence level was normal (Tr. 1056-1100). Dr. Grey did note some moderate anxiety and that it was possible for a patient with extreme high or low blood sugars could experience a marked limitation in occupational functioning, but the ALJ was not persuaded Robinson experienced such a limitation (Tr. 754). The ALJ supported her finding with evidence of Robinson's exercise routine, completion of household chores, and ability to maintain her finances (Tr. 754). The ALJ found "no credible evidence" indicating Robinson's anxiety and depression cause the any moderate or severe limitations and do not preclude the performance of work activity within the residual functional capacity (Tr. 754). The ALJ's decision is supported by substantial evidence and correct legal standards were applied.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

March 20, 2020

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:    Counsel